UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

WILLIAM A. NUNZIATA,

                Plaintiff,

-against- (S.I.)

ROBERT TROTTA, shield no. 1138, individually and as a police detective of the Suffolk County, New York Police Dept.; CHRISTOPHER NEALIS, shield no. 989, individually and as a police detective of the Suffolk County, New York Police Department and the COUNTY OF SUFFOLK,

                Defendants.
--------------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 12 2003 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

WALL, M.J.

## COMPLAINT

### Introductory statement

1.    This is an action for damages sustained by a citizen of the United States against police personnel of the Suffolk County, New York Police Department who falsely arrested him, illegally obtained a search warrant by way of false and perjurous documentation submitted to the New York State District Court located at Central Islip, New York, unlawfully subjected him to, and/or failed to protect him from, unlawful search of his person and home, maliciously prosecuted him and unlawfully strip-searched him; and against the COUNTY OF SUFFOLK, the employer of the above referenced police personnel, which is sued as a person under 42 U.S.C §1983 because of its condonation of such police misconduct as that complained of herein.

## JURY TRIAL DEMANDED

### Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §1983, 1985(3) and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C Sections 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions

3. The amount in controversy exceeds $100,000.00, excluding interest and costs.

### Parties

4. Plaintiff was, at all times relevant to the allegations of this complaint, and still is, a citizen of the United States and a resident of Suffolk County, New York.

5. At all times relevant hereto, defendant CHRISTOPHER CUSIMANO (hereinafter "DEFENDANT CUSIMANO") shield no. 1138, was employed by the Suffolk County, New York Police Department as a police detective. He is sued individually and in his official capacity.

6. At all relevant times, defendant CHRISTOPHER NEALIS, (hereinafter "DEFENDANT NEALIS" shield no. 989, was employed by the Suffolk County, New York Police Department as a police detective. He is sued individually and in his official

capacity.

7. The defendant COUNTY OF SUFFOLK (hereinafter "COUNTY") is a municipal corporation within the State of New York and, at all relevant times, it acted under color of law and employed defendant CUSIMANO and defendant NEALIS as police personnel.

8. At all relevant times and in all their actions described herein, defendant CUSIMANO and defendant NEALIS were acting as the agents, servants and employees of the COUNTY, and they were acting under color of law and pursuant to their authority as police personnel of the County Police Department.

## Factual Allegations

9. At about 9:30 p.m. on December 14, 2000, the plaintiff was in his private home located 99 Ackerly Lane, Ronkonkoma, County of Suffolk, State of New York.

10. At approximately 9:30 at that same location, defendant NEALIS, with the assistance of other Suffolk County Police personnel forced open the front door of Mr. Nunziata's home and entered therein.

11. Defendant NEALIS proceeded to illegally enter the home and arrested Mr. Nunziata without legal cause.

12. Defendant NEALIS proceeded to question Mr. Nunziata, after taking him

into custody, without reading or communicating to Mr. Nunziata any Miranda warnings.

13. Defendant NEALIS, with personal knowledge and malicious intent, knowingly provide false information in an application for a search warrant that was used by Defendant NEALIS to obtain entry into Mr. Nunziata's home.

14. 14. Defendant CUSIMANO proceeded to interrogate Mr. Nunziata after Mr. Nunziata was place in hand cuffs.

15. Defendant CUSIMANO interrogated Mr. Nunziata after Mr. Nunziata was under arrest.

16. Defendant CUSIMANO did not read or communicate to Mr. Nunziata any Miranda warnings prior to his custodial interrogation of Mr. Nunziata.

17. 17. Defendant CUSIMANO lied under oath with regard to statement that he claimed Mr. Nunziata made on December 14, 2000. As a direct result of said false testimony given by Defendant CUSIMANO, Mr. Nunziata has lost his liberty and freedom.

18. 18. On or about December 15, 2000 at approximately 2:30 AM, the plaintiff was extra-legally subjected to an intrusive strip by Suffolk County police officers while the plaintiff was completely nude, the officers required him to lean forward and pull his buttocks apart.

19. On or about December 15, 2000, defendant NEALIS went before a Sergeant and swore on his own personal knowledge to accusatory instruments on which

defendant NEALIS alleged that the plaintiff had criminally possessed drugs in violation of the New York State Penal Law.

20. Thereafter, defendant NEALIS caused the accusatory instruments on which Plaintiff was falsely accused of above-referenced crime to be filed in the County District Court, despite the lack of probable cause, thereby commencing prosecution against the Plaintiff.

21. In causing the commencement of the prosecution of the above-mentioned charge, Defendant NEALIS acted maliciously and under personal motives by concealing and giving the appearance of propriety to outrageous police misconduct. Detective NEALIS used force to punish the plaintiff for his own personal reasons.

22. That Defendant NEALIS previously participated in an illegal search and illegal arrest of the Mr. Nunziata that was ultimately dismissed by the Suffolk County District Court.

23. As a result of the abuse and official misconduct herein described, Plaintiff sustained injuries including the continued loss of his personal freedom, pain, suffering and emotional distress, loss of time from his usual activities, fees and costs for his criminal defense.

24. The abuse to which Plaintiff was subjected was a consistent and

institutionalized practice of the Suffolk County Police Department, which was known to and approved by the municipality, the latter defendants having at no time taken any effective action to prevent Defendant CUSIMANO and Defendant NEALIS from continuing to engage in such misconduct as that complained of herein.

25. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the County Police Department, which was known to and approved of by the municipality, the latter defendant having at no time taken any effective action to prevent Defendant CUSIMANO and Defendant NEALIS from continuing to engage in such misconduct as that complained of herein.

26. Defendant COUNTY authorized, tolerated as institutionalized practices, and approved of the misconduct herein detailed by:

   a) Failing to properly discipline, restrict and control employees, including Defendants CUSIMANO and NEALIS, known to be irresponsible in their dealings with citizens of the community;

   b) Failing tO take adequate precautions in the hiring, assignment and retention of police personnel, including specifically Defendants CUSIMANO and NEALIS;

   c) Failing to forward to the District Attorney evidence of criminal acts committed by police personnel;

d) Failing to establish and/or assure the functioning of a <u>bona fide</u> and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints by confronting citizens with bureaucratic power and official denials, calculated to mislead the public and by determining that any complaint against Suffolk County Police Officer and Detectives is "unsubstantiated" even when sufficient evidence exists that clearly establishes police misconduct;

e) Establishing and continuing, in effect, a counterfeit internal "investigation" apparatus calculated to assure, and having the effect of assuring, County police personnel that abusive treatment of citizens will not be regarded as a serious matter, thereby proximately causing unlawful use of police authority against citizens, including the abusive conduct complained of herein.

f) Establishing and continuing a Claims Investigation Unit, the effects of which are to prevent the Police Department from learning of serious complaints of police misconduct and to protect police personnel whose misconduct resulted in the filing of notices of claim from disciplinary action which might otherwise have been imposed on the basis of misconduct alleged in such notices of claim, thereby communicating to County Police Personnel, including Defendants CUSIMANO and NEALIS, the municipality's condonation of their abusive treatment of citizens,

g) Failing to implement proper procedures, guidelines and/or policies regarding the duty of police personnel to protect persons, including plaintiff herein, from physical abuse, false arrest, malicious prosecution and racial discrimination;

h) Allowing, condoning, and/or permitting COUNTY police to falsely arrest, discriminate on the basis of race, maliciously prosecute, illegally strip-search and injure citizens so as to avoid conflict with a politically powerful union.

27. As a consequence of the abuse of authority detailed above, including the COUNTY'S condonation of police misconduct, plaintiff sustained the damages herein alleged.

## FEDERAL CLAIMS

28. The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

29. The actions and omissions described herein, engaged in under color of state authority by defendants, including defendant COUNTY, sued as a person, responsible because of its authorization, condonation and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment rights to be free from unlawful searches and seizures, from excessive force in connection with his arrest, and from malicious prosecutions. The abuse to which plaintiff was subjected violated not only of his Fourth Amendment rights but also of his Fourteenth Amendment right not to be subjected to discrimination.

WHEREFORE, plaintiff demands the following relief

A) Compensatory damage, jointly and severally, against all the defendants, in an amount of $100,000,000.00 or an amount to be

determined by the jury; and

B) Punitive damages against each of the individual defendants, in an amount of $100,000,000.00 or an amount to be determined by the jury; and

C) Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

Dated: Uniondale, New York
December 11, 2003

*/s/ Jason L. Russo*
JASON L. RUSSO, Esq.
165 EAB Plaza
West Tower, 6th Floor
Uniondale, NY 11556
(516) 522-2728